IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEPHEN C. HAWES,                          07-CV-112-BR

          Plaintiff,                       OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

          Defendant.


MAX RAE
P.O. Box 7790
Salem, OR 97303
(503)363-5424

          Attorney for Plaintiff

KARIN J. IMMERGUT
United States Attorney's Office
BRITANNIA I. HOBBS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1053


1  -  OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**LEISA A. WOLF**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA 98104-7075
(206) 615-3621

       Attorneys for Defendant


**BROWN, Judge.**

       Plaintiff Stephen C. Hawes seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's application for Disability Insurance Benefits (DIB) and found Plaintiff ineligible for Supplemental Security Income (SSI) payments under Titles II and XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

       Following a review of the record, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.


## ADMINISTRATIVE HISTORY

       Plaintiff filed an application for DIB on June 11, 2003, and an application for SSI on July 16, 2003.  Tr. 72, 818-20.[1]  The applications were denied initially and on reconsideration.

---

      [1] Citations to the official transcript of record filed by the Commissioner on November 1, 2007, are referred to as "Tr."

2   -   OPINION AND ORDER

Tr. 33, 827.  An Administrative Law Judge (ALJ) held a hearing on
December 15, 2005, and a continuation hearing on April 12, 2006.
Tr. 839-83.  Plaintiff was represented by an attorney at both
hearings.  Plaintiff, a lay witness, and a vocational expert (VE)
testified at the April 12, 2006, continuation hearing.  Tr. 851-
83.  The ALJ issued a decision on May 8, 2006, in which he found
Plaintiff is not disabled and, therefore, is not entitled to
benefits.  Tr. 20-32.

   The Appeals Council denied Plaintiff's request for review.
Tr. 7-9.  On May 8, 2006, therefore, the ALJ's decision became
the final decision of the Commissioner.


## BACKGROUND

   Plaintiff was born on December 13, 1962, and was 43 years
old at the time of both hearings.  Tr. 69.  Plaintiff has a
ninth-grade education.  Tr. 878.  Plaintiff has past relevant
work experience as a sawyer, material handler, mill laborer, and
construction laborer.  Tr. 27.

   Plaintiff alleges disability due to chronic pancreatitis.
Tr. 26.

   Except when noted, Plaintiff does not challenge the ALJ's
summary of the medical evidence.  Plaintiff, however, contends
the ALJ erred when he (1) "failed to find Plaintiff disabled
. . . based on the limitations described by Dr. Duvall and

3   -  OPINION AND ORDER

Dr. Bohlman"; (2) failed to recognize Plaintiff's severe personality disorder, anxiety, and memory disorder as medically determinable impairments at Step Two; (3) failed to consider limitations associated with Plaintiff's severe personality disorder, anxiety, and memory disorder at Steps Three through Five; (4) failed to include all of Plaintiff's limitations in his Residual Functional Capacity (RFC) finding; and (5) did not pose a complete hypothetical to the VE.

After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 26-27, 30-31.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005). To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner bears the burden of developing the record. *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision

if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Robbins,* 466 F.3d at 882. The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation. *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential

inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. §§ 404.1520, 416.920. Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe they preclude substantial gainful activity. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's RFC. The claimant's RFC is an assessment

of the sustained, work-related physical and mental activities the
claimant can still do on a regular and continuing basis despite
his limitations.  20 C.F.R. §§ 404.1520(e), 416.920(e).  *See also*
Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing
basis' means 8 hours a day, for 5 days a week, or an equivalent
schedule."  SSR 96-8p at *1.  In other words, the Social Security
Act does not require complete incapacity to be disabled.  *Smolen
v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996).  The
assessment of a claimant's RFC is at the heart of Steps Four and
Five of the sequential analysis engaged in by the ALJ when
determining whether a claimant can still work despite severe
medical impairments.  An improper evaluation of the claimant's
ability to perform specific work-related functions "could make
the difference between a finding of 'disabled' and 'not
disabled.'"  SSR 96-8p at *4.

In Step Four, the claimant is not disabled if the
Commissioner determines the claimant retains the RFC to perform
work he has done in the past.  *Stout*, 454 F.3d at 1052.  *See also*
20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine
whether the claimant is able to do any other work that exists in
the national economy.  *Stout*, 454 F.3d at 1052.  *See also* 20
C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  Here the burden
shifts to the Commissioner to show a significant number of

jobs exist in the national economy that the claimant can do. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

**II.  Evaluation of Drug and Alcohol Abuse.**

A claimant is not considered disabled if drug addiction or alcoholism is a contributing factor material to the determination of disability. 42 U.S.C. § 1382c(a)(3)(J). *See also Bustamante v. Massanari,* 262 F.3d 949, 955 (9th Cir. 2001). Substance abuse is a material factor when the claimant's remaining limitations would not be disabling if the claimant stopped using drugs or alcohol. 20 C.F.R. §§ 404.1535(b), 416.935(b).

If the claimant is found to be disabled and there is medical evidence of substance abuse, the ALJ must determine whether drug addiction or alcoholism "is a contributing factor material to the determination of disability." 20 C.F.R. § 416.935(a). *See also* 20 C.F.R. § 404.1535(a). To assess the materiality of drug or alcohol abuse

> [A]n ALJ must first conduct the five-step inquiry
> without separating out the impact of alcoholism or drug
> addiction. If the ALJ finds that the claimant is not
> disabled under the five-step inquiry, then the claimant
> is not entitled to benefits . . . . If the ALJ finds
> that the claimant is disabled and there is medical

> evidence of [his or her] drug addiction or alcoholism
> then the ALJ should proceed under § 404.1535 or 416.935
> to determine if the claimant would still [be found]
> disabled if [he or she] stopped using alcohol or drugs.

*Bustamante*, 262 F.3d at 955 (internal quotation omitted).  In

effect, the ALJ must make a second five-step sequential inquiry

to "evaluate which of [the claimant's] current physical and

mental limitations, upon which [the ALJ] based [the] current

disability determination, would remain if [the claimant] stopped

using drugs or alcohol and then determine whether any or all of

[the claimant's] remaining limitations would be disabling."  20

C.F.R. §§ 404.1535(b)(2), 416.935(b)(2).  *See also Bustamante*,

262 F.3d at 955.

In such materiality determinations, the claimant bears the

burden to prove that drug addiction or alcoholism is not a

contributing factor material to the disability.  *Ball v.

Massanari*, 254 F.3d 817, 821 (9th Cir. 2001).


## ALJ'S FINDINGS

At Step One, the ALJ found Plaintiff had not engaged

in substantial gainful activity during the relevant period.

Tr. 26.

At Step Two, the ALJ found Plaintiff has severe impairments

of chronic pancreatitis and substance abuse.  Tr. 26.

At Step Three, the ALJ concluded Plaintiff's impairments do

9  -  OPINION AND ORDER

not meet or equal the criteria for any Listed Impairment from 20 C.F.R. part 404, subpart P, appendix 1.  The ALJ found Plaintiff had the RFC to lift 20 pounds occasionally and 10 pounds frequently, to stand and to walk six hours in an eight-hour day, and to sit six hours in an eight-hour day.  Tr. 26.  The ALJ found Plaintiff has marked limitations in his ability to interact with the public, supervisors, and coworkers; an extreme limitation in his ability to respond appropriately to work pressures in a usual work setting; and a marked limitation in his ability to respond appropriately to changes in a routine work setting.  Tr. 26.

At Step Four, the ALJ found Plaintiff was not capable of performing any of his past relevant work.  Tr. 27.

At Step Five, the ALJ found if he considered Plaintiff's age, education, work experience, and RFC based on Plaintiff's impairments of chronic pancreatitis and a substance-abuse disorder, Plaintiff could not perform any jobs that exist in significant numbers in the national economy.

Because the ALJ found Plaintiff to be disabled when he included Plaintiff's substance abuse as a factor, the ALJ was then required to determine whether Plaintiff's substance abuse is a contributing factor material to the determination of disability.

10  -  OPINION AND ORDER

The ALJ found Plaintiff's pancreatitis likely would resolve with abstinence from alcohol, but he found Plaintiff would, nevertheless, continue to experience exertional limitations. Tr. 28.  The ALJ concluded, however, these limitations would not meet or equal the criteria for any Listed Impairment from 20 C.F.R. part 404, subpart P, appendix 1.

The ALJ found Plaintiff would have the RFC to lift 20 pounds occasionally and 10 pounds frequently if he discontinued his substance abuse and also to stand and to walk six hours in an eight-hour day and to sit six hours in an eight-hour day.  Tr. 28.

The ALJ found Plaintiff would not be able to perform his past relevant work even if he discontinued his substance abuse. Tr. 31.  The ALJ, however, found Plaintiff would be able to perform jobs that exist in significant numbers in the national economy, including small-products assembly and packing-line work, if he stopped his substance abuse.

The ALJ concluded Plaintiff would not be disabled if he discontinued his substance abuse, and, therefore, Plaintiff's substance abuse is a "contributing factor material to the determination of disability."  Tr. 32.  Accordingly, the ALJ found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 32.

## DISCUSSION

As noted, Plaintiff contends the ALJ erred when he (1) "failed to find Plaintiff disabled . . . based on the limitations described by Dr. Duvall and Dr. Bohlman"; (2) failed to recognize Plaintiff's severe personality disorder, anxiety, and memory disorder as medically determinable impairments at Step Two; (3) failed to consider limitations associated with Plaintiff's severe personality disorder, anxiety, and memory disorder at Steps Three through Five; (4) failed to include all of Plaintiff's limitations in his RFC assessment; and (5) did not pose a complete hypothetical to the VE.

**I.    The ALJ did not err when he failed to find Plaintiff disabled at Step Three based on the limitations described by John Bohlman, M.D., and Ronald D. Duvall, Ph.D.**

Plaintiff contends the ALJ erred when he "failed to find Plaintiff disabled . . . based on the limitations described by Dr. Duvall and Dr. Bohlman."  In effect, Plaintiff contends the ALJ erred when he rejected the opinions of Dr. Bohlman, treating physician, and Dr. Duvall, examining neuropsychologist.

**A.    Dr. Bohlman**

Plaintiff contends the ALJ erred when he rejected the December 12, 2005, medical-source statement of Dr. Bohlman in which he opined even if Plaintiff were to cease abusing drugs and alcohol, he would have only a fair ability to remember work-like procedures, to maintain regular attendance, to sustain an

ordinary routine without special supervision, to make simple
work-related decisions, and to be aware of normal hazards.

    The ALJ gave Dr. Bohlman's opinion "little weight" because
it was not consistent with Plaintiff's treatment record and
because it was based on Plaintiff's subjective pain complaints.
As the ALJ noted, the record is replete with Plaintiff's
complaints in which he exaggerated pain in an effort to obtain
medication.  For example, as the ALJ noted, an emergency room
doctor reported in January 2004 that Plaintiff walked bent over
when he was in the emergency room seeking pain medication, but
"[a]s soon as he got outside he straightened up and walked very
briskly."  Tr. 520.  In April 2004 an emergency-room doctor noted
Plaintiff did not exhibit any tenderness to abdominal palpation
when he was distracted, but he later "winced and moved about
somewhat dramatically with examination of the same area."
Tr. 529.  In August 2005 an emergency-room doctor noted Plaintiff
had been brought to the emergency room after he was arrested for
shoplifting, and Plaintiff was able to run and to jump without
limitation.  Tr. 573.  The record, in fact, contains numerous
references by many different treating and examining physicians
that Plaintiff is malingering to obtain drugs, "abusing the
system," and engaging in drug-seeking and manipulative behavior
to obtain drugs and alcohol.  Tr. 383, 526, 573, 529, 724.  Other
doctors reported Plaintiff was caught using a false name "to

13  -  OPINION AND ORDER

avoid trouble with the law" in June 2004 when he was admitted to the emergency room, and Plaintiff used bagged urine to pass a drug screen in July 2005.  Tr. 549, 755.  Robert L. Oksenbolt, M.D., treating physician noted in June 2005 that "[n]one of the information [Plaintiff] gives is reliable."  Tr. 557.

On this record, the Court concludes the ALJ provided clear and convincing reasons supported by substantial evidence in the record for rejecting the opinion of Dr. Bohlman regarding Plaintiff's abilities if he stopped abusing drugs and alcohol.

**B.    Dr. Duvall**

Plaintiff contends the ALJ erred when he rejected Dr. Duvall's opinions in his January 26, 2006, report regarding his neuropsychological consultative examination of Plaintiff. Dr. Duvall diagnosed Plaintiff with chronic alcohol dependence, alcohol-induced persisting amnestic disorder, opioid dependence, malingering of medical complaints to obtain narcotics, "personality disorder NOS," and psychological stressors. Dr. Duvall opined Plaintiff was extremely impaired in his ability to understand and to remember detailed instructions, to carry out detailed instructions, and to respond appropriately to work pressures in a usual work setting.  Dr. Duvall opined he "would be able to re-assess and have greater confidence in [Plaintiff's] cognitive abilities vs. deficits" if Plaintiff was totally abstinent from substance abuse.  Tr. 747-48.

The ALJ gave little weight to Dr. Duvall's opinion as to Plaintiff's level of impairment if he stopped abusing drugs and alcohol because it was based on Plaintiff's history of social difficulties, which, in turn, "occurred when Plaintiff was actively abusing drugs and alcohol." Tr. 31. Dr. Duvall noted it was possible that Plaintiff's use of narcotics in the prior 24 hours "suppress[ed] his scores on certain subtests, particularly those requiring intact working memory and rapid mental processing." Tr. 724. Dr. Duvall also found Plaintiff had prominent memory-related defects in his test results. Dr. Duvall stated

> it would be preferable to have testing performed when [Plaintiff] is not using narcotics, especially considering that he has demonstrated that it is difficult for him to tell the truth about his drug and alcohol use, thus one could not even be sure about his report of consumption at this examination.

Tr. 725.

The ALJ also pointed out that Plaintiff's sister testified Plaintiff was pleasant and socially appropriate when he was sober and that Ali A. Kahaki, M.D., treating physician, expressed a similar opinion in September 2005 at which time he noted Plaintiff did volunteer work and painted a house for a friend when he stopped drinking and abusing drugs.

On this record, the Court concludes the ALJ provided clear and convincing reasons supported by substantial evidence in the

15  -  OPINION AND ORDER

record for rejecting the opinion of Dr. Duvall regarding

Plaintiff's abilities if he stopped abusing drugs and alcohol.

**II.  The ALJ did not err when he failed to consider Plaintiff's personality disorder, anxiety, or memory disorder to be medically determinable at Step Two.**

As noted, the ALJ found at Step Two that Plaintiff has

severe impairments of chronic pancreatitis and substance abuse

and that Plaintiff would continue to experience exertional

limitations even though Plaintiff's pancreatitis likely would

resolve with abstinence from alcohol.  Plaintiff contends the ALJ

erred when he failed to consider Plaintiff's personality

disorder, anxiety, or memory disorder to be medically

determinable.

If the Commissioner determines at Step Two that the claimant

does not have any medically severe impairment or combination of

impairments that would limit the claimant's ability to perform

work-related activities for a period of at least 12 continuous

months, the claimant is not disabled.  *Stout*, 454 F.3d at 1052.

*See also* 20 C.F.R. § 404.1520(a)(4)(ii).  The ALJ, however, must

"ha[ve] substantial evidence to find that . . . medical evidence

clearly establishe[s a claimant does] not have a medically severe

impairment or combination of impairments."  *Webb v. Barnhart*, 433

F.3d 683, 687 (9th Cir. 2005).

The ALJ found Plaintiff would not have any "mental diagnosis

or limitations in the absence of substance abuse."  The ALJ noted

Plaintiff has not required treatment for any mental impairment outside of drug and alcohol treatment.  In addition, none of Plaintiff's treating or examining physicians have opined Plaintiff had any mental limitations except for Dr. Duvall.  As noted, however, the ALJ rejected Dr. Duvall's opinion.

The Court concludes on this record that the ALJ did not err when he found at Step Two that Plaintiff's personality disorder, anxiety, or memory disorder were nonsevere because he gave clear and convincing reasons based on substantial evidence in the record for doing so.

**III. Plaintiff's remaining contentions**

Plaintiff further contends the ALJ erred when he failed to consider Plaintiff's limitations associated with severe personality disorder, anxiety, and memory disorder at Steps Three through Five; failed to include all of Plaintiff's limitations related to his personality disorder, anxiety, and memory disorder in his RFC assessment; and did not pose a complete hypothetical to the VE.  All of Plaintiff's contentions are based on Plaintiff's underlying assertion that the ALJ improperly rejected the opinions of Drs. Duvall and Bohlman as to Plaintiff's abilities if he stopped abusing drugs and alcohol.  The Court, however, has concluded the ALJ did not err when he rejected those opinions.

Accordingly, the Court concludes the ALJ did not err when he

17  -  OPINION AND ORDER

failed to consider the limitations proposed by Drs. Duvall and Bohlman at Steps Three through Five nor did the ALJ err when he did not consider these limitations in his RFC assessment or include them in his hypothetical to the VE.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter **with prejudice**.

IT IS SO ORDERED.

DATED this 26th day of June, 2008.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge